UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY D. HAYNES

VERSUS

EAST BATON ROUGE SHERIFF'S
OFFICE, ET AL.

CIVIL ACTION

NO. 18-714-JWD-EWD

## SUMMARY ORDER

This matter comes before the Court on the *Motion to Dismiss* (Doc. 48) filed by Defendants, Sid J. Gautreaux, III, Sheriff of East Baton Rouge Parish (the "Sheriff"), Randall L. Crawford, Brandon Berggren, Kellie Engles, Steven Young, and "K9 Kees" (collectively, the "Sheriff Defendants").[1] Plaintiff Anthony Haynes ("Plaintiff") opposes the motion. (Doc. 52.) Sheriff Defendants have filed a reply. (Doc. 58.) Oral argument is not necessary.

Having carefully considered the law (including the standards for Federal Rule of Civil Procedure ("Rule") 12(b)(6) summarized in *JMCB, LLC v. Board of Commerce & Industry*, 336 F. Supp. 3d 620, 629–30 (M.D. La. 2018)), the arguments and submissions of the parties, and the facts alleged and incorporated into the *Amended Complaint for Damages Unnecessary and Excessive Use of Force* (sic) (Docs. 18, 18-1) ("*Amended Complaint*"), and for the following reasons,

**IT IS ORDERED** that the *Motion to Dismiss* is **GRANTED**;

**IT IS FURTHER ORDERED** that the claims against "K9 Kees" are **DISMISSED WITH PREJUDICE.** A dog is not capable of being sued under 42 U.S.C. § 1983. *See Price v. New*

---

[1] The other defendants in this case are Deputy Gaston Bourg (the officer who allegedly used excessive force against Plaintiff), the Louisiana Sheriff's Association (the alleged insurer of all defendants), and Mayor President Sharon Weston Broome (President of East Baton Rouge Parish). (Doc. 18 at 2–3.) These other defendants do not join in the Sheriff Defendants' motion.

*Orleans Police Dep't*, No. 09-2868, 2011 WL 798164, at *1 n.3 (E.D. La. Jan. 25, 2011) ("To the extent that Price intended on naming the police dog as a Defendant in the instant suit, the Court notes that Section 1983 applies only to a 'person' who acts under color of state law. (citing, *inter alia*, 1 U.S.C. § 1 (defining the word 'person' to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals" but not dogs or other animals); *Dye v. Wargo*, 253 F.3d 296, 299–300 (7th Cir. 2001) (describing how "[a] suit against a dog poses a host of other problems," and concluding, "[a]ll things considered, it is best to follow the Dictionary Act and hold that a dog is not a proper defendant in litigation under § 1983.")), *report and recommendation approved*, No. 09-2868, 2011 WL 794815 (E.D. La. Feb. 25, 2011). As a result, the motion is granted with respect to Plaintiff's § 1983 claim against "K9 Kees."

Similarly, to the extent such claims are made, while the owner of a dog who causes damages can be liable under Louisiana state law, La. Civ. Code art. 2321, a dog is not a "person" within the meaning of Louisiana law capable of being sued for tort damages, *see* La. Civ. Code arts. 24 ("There are two kinds of persons: natural persons and juridical persons. A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership."), 2315(A) ("Every act whatever of *man* that causes damage to another obliges him by whose fault it happened to repair it" (emphasis added)). As a result, the motion is granted with respect to the state law claims against "K9 Kees."

In sum, Plaintiff's claim against "K9 Kees" is meritless, futile, and cannot be cured by amendment. Thus, these claims are dismissed with prejudice. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").

**IT IS FURTHER ORDERED** that Plaintiff's claims against Randall L. Crawford, Brandon Berggren, Kellie Engles, and Steven Young are **DISMISSED WITHOUT PREJUDICE.** "[A]n officer may be liable under § 1983 under a theory of bystander liability where the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.' " *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (citations omitted). "However, liability will not attach where an officer is not present at the scene of the constitutional violation." *Id.* (citations omitted). "In resolving whether a plaintiff has sufficiently alleged a bystander liability claim we also consider whether an officer 'acquiesce[d] in' the alleged constitutional violation." *Id.* at 647 (citations omitted).

Here, even assuming that these Defendants were present at the scene of the alleged excessive use of force (which is questionable given the police reports attached to the *Amended Complaint* (*see* Doc. 18-1)), no reasonable juror would find from the conclusory allegations of the *Amended Complaint* that (a) these Defendants knew that Officer Bourg was violating Plaintiff's right against excessive force (*Am. Compl.* ¶¶ 15–16), and (b) even more importantly, that these Defendants had a "reasonable opportunity to prevent the harm" between the time when Officer Bourg "gave the . . . THREE repeated . . . ATTACK command[s] to" the K-9 and when the dog actually attacked the Plaintiff (*id.* ¶¶ 16, 26; *see also* Police Report attached to the *Amended Complaint*, Doc. 18-1 at 2 ("At that time, Deputy Bourg failed to create enough distance between him, his K9, and the [Plaintiff] causing his K9 to initially nip at the suspect . . . Deputies cuffed the second hand of the suspect and Deputy Bourg *quickly* reacted by making a poor judgment decision giving his K9 the apprehension command while the suspect was cuffed on the ground." (emphasis added)).) These Defendants cannot be said to have acquiesced in the alleged

constitutional violation. *Whitley*, 726 F.3d at 647. Phrased another way, it is unclear that these officers personally participated in the alleged constitutional violation. In sum, the Court finds that, as a matter of law, Plaintiff has not demonstrated that these Defendants failed to intervene to protect Plaintiff, and there has thus been no constitutional violation.

Further, Plaintiff has not overcome qualified immunity. " 'Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (alterations and internal quotation marks omitted)). "Although '[the Supreme] Court's caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate.' " *Id.* (quoting *White*, 137 S. Ct. at 551 (internal quotation marks omitted)). " 'In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law.' " *Id.* (quoting *White*, 137 S. Ct. at 551 (internal quotation marks omitted)). " 'Of course, general statements of the law are not inherently incapable of giving fair and clear warning to officers.' " *Kisela*, 138 S. Ct. at 1153 (quoting *White*, 137 S. Ct. at 552 (internal quotation marks omitted)). "But . . . [a]n officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.' " *Id.* (quoting *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014)).

Here, Plaintiff has failed to point to sufficiently analogous case law demonstrating that every reasonable officer in these Defendants' position would know that their conduct was unlawful in light of clearly established law. For this additional reason, the motion is granted with respect to these Defendants.

Further, Plaintiff is not entitled to discovery on these claims at this time. To obtain discovery when qualified immunity is asserted, "a district court must first find 'that the plaintiffs pleadings assert facts which, if true, would overcome the defense of qualified immunity.' " *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). " 'Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.' " *Id.* (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). " 'After the district court finds a plaintiff has so pleaded, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim." ' " *Id.* (quoting *Backe*, 691 F.3d at 648 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir. 1987))). Here, Plaintiff's conclusory allegations fail to satisfy this standard.

Additionally, to the extent such claims are made and for the same reasons articulated above, Plaintiff fails to allege that these Defendants are liable for intentional infliction of emotional distress under Louisiana law. This Court has explained:

> in order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

*Golden v. Columbia Cas. Co.*, No. 13-547, 2015 WL 3650761, at *31 (M.D. La. June 11, 2015) (deGravelles, J.) (quoting *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991)). Here, Plaintiff fails to allege sufficient facts that these Defendants' conduct was extreme and outrageous or that they desired to inflict severe emotional distress. This claim is thus dismissed as well.

5

Nevertheless, the Court will act in accordance with the "wise judicial practice" of giving at least one opportunity to amend the complaint to cure deficiencies and grant Plaintiff leave to amend. *See JMCB*, 335 F. Supp. 3d at 641–42 (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016)). However, Plaintiff is reminded of his obligations under Rule 11 to have a good faith basis in law and fact for making any claims.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Sheriff in his individual capacity are **DISMISSED WITHOUT PREJUDICE.** " 'Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.' " *Simon v. LeBlanc*, 694 F. App'x 260, 261 (5th Cir. 2017) (per curiam) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). " 'A supervisory official may be held liable . . . only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury.' " *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)). " 'In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates.' " *Id.* (quoting *Gates*, 537 F.3d at 435 (internal quotation marks and citation omitted, alterations and emphasis in *Gates*)).

Here, there is no personal participation by the Sheriff in the alleged constitutional violation. Plaintiff's allegations are entirely conclusory. (*See Am. Compl.* ¶ 28, Doc. 18.) There's no indication that the Sheriff had anything to do with any alleged failure to intervene or failure to provide medical care. Thus, Plaintiff has no claim on this ground.

Further, the Sheriff is not liable for implementing unconstitutional policies. The Fifth Circuit has explained:

> In a § 1983 claim for failure to supervise or train, the plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Smith v. Brenoettsy,* 158 F.3d 908, 911–12 (5th Cir. 1998). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 912 (internal quotation omitted). To establish deliberate indifference, "a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small,* 325 F.3d 627, 637 (5th Cir. 2003) (internal quotation omitted). Where a plaintiff fails to establish deliberate indifference, the court need not address the other two prongs of supervisor liability. *Estate of Davis ex rel. McCully v. City of N. Richland Hills,* 406 F.3d 375, 382 (5th Cir. 2005). Furthermore, "for a supervisor to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Roberts v. City of Shreveport,* 397 F.3d 287, 293 (5th Cir. 2005) (quotations and citation omitted). Moreover, "for liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *Id.*

*Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009).

Here, the *Amended Complaint* fails for a host of reasons. The operative complaint does not allege, beyond mere conclusions, that the Sheriff was deliberately indifferent, as (1) there are no facts from which he could have drawn the inference that a substantial risk of harm existed; (2) there is no allegation that he actually drew the inference; (3) there is no pattern of violations of dog attacks or inadequate medical treatment; and (4) there is no showing that the inadequacy of the training was obvious. (*Am. Compl.* ¶¶ 7, 28, 30,[2] 33, Doc. 18.) Further, Plaintiff fails to specifically allege how the training was inadequate or defective. (*Id.* ¶¶ 7, 28, 30, 33.)

---

[2] There are two paragraph "30's" in the *Amended Complaint*. (*See Am. Compl.*, Doc. 18 at 11, 13.) This and other citations in this Ruling refer to the first "30" on page 11.

Lastly, Plaintiff has not overcome the Sheriff's qualified immunity. Plaintiff has not pointed to adequate caselaw demonstrating that every reasonable official in the Sheriff's position would know that his conduct was unlawful. On this additional basis, Plaintiff's § 1983 claim fails.

Additionally, to the extent such a claim is made, for the same reasons, Plaintiff' fails to state a cognizable cause of action for intentional infliction of emotional distress against the Sheriff. Plaintiff has failed to demonstrate beyond mere conclusions that the Sheriff's behavior was extreme and outrageous or that he desired to inflict extreme emotional distress.

Accordingly, Plaintiff's state and federal claims against the Sheriff in his individual capacity fail. While it's questionable whether these deficiencies can be cured by amendment, the Court will again act according to "wise judicial practice" and allow Plaintiff leave to amend, though the Court again notes Plaintiff's Rule 11 obligations. *See JMCB*, *supra.* The Court also notes that Sheriff Gautreaux may still be vicariously liable under Louisiana state law for Officer Bourg's alleged torts and, presumably, as owner of the K-9.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against the Sheriff in his official capacity are **DISMISSED WITHOUT PREJUDICE.** "To establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.' " *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.,* 436 U.S. 658, 691, 98 S. Ct. 2018 (1978)). The Plaintiff must allege "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Id.* at 541–42 (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir.2002) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001))).

An official policy or custom is "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.), *on reh'g,* 739 F.2d 993 (5th Cir. 1984). "A pattern is tantamount to official policy when it is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.' " *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009) (quoting *Webster*, 735 F.2d at 841). "Where prior incidents are used to prove a pattern, they 'must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees.' " *Id.* (quoting *Webster,* 735 F.2d at 841). "It is thus clear that a plaintiff must demonstrate 'a pattern of abuses that transcends the error made in a single case.' " *Id.* at 850–51 (quoting *Piotrowski,* 237 F.3d at 582 (citations omitted)). "A pattern requires similarity and specificity; '[p]rior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question.' " *Id.* at 851 (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 383 (5th Cir. 2005)).

Here, Plaintiff's official capacity claim fails for a number of reasons. First, Plaintiff's allegations of a custom or policy are entirely conclusory and fail to satisfy the *Monell* requirements. (*See Am. Compl.* ¶¶ 7, 28, Doc. 18.) Plaintiff argues for the first time a number of facts in his opposition to describe a policy, but, evening assuming these facts were enough (which is questionable), this is not proper for a motion to dismiss. The *Amended Complaint* controls, and, here, that pleading fails to allege a policy or custom. Further, Plaintiff asks the Court to take judicial notice of a pattern of EBRSO misconduct against and targeting of African Americans, but the Court agrees with the Sheriff Defendants that these are not the sort of facts that are appropriate

9

for the Court to take judicial notice of. *See* Fed. R. Evid. 201.  Second, even if Plaintiff had stated an official policy or custom, Plaintiff has failed to allege facts demonstrating the Sheriff's actual or constructive knowledge of that policy or custom.  And third, as discussed above, Plaintiff has failed to allege deliberate indifference on the part of the Sheriff, for all the reasons given in the individual capacity section.  Thus, Plaintiff's *Monell* claim fails.

While it's questionable whether these deficiencies can be cured by amendment, the Court will again act according to "wise judicial practice" and allow Plaintiff leave to amend, though the Court again notes Plaintiff's Rule 11 obligations. *See JMCB*, *supra.*

Plaintiff shall have twenty-eight (28) days in which to cure the above deficiencies.  Failure to do so will result in the dismissal of these claims with prejudice.

Signed in Baton Rouge, Louisiana, on February 18, 2020.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**