# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANTHONY HAYNES**                                            **CIVIL ACTION NO.**

**VERSUS**                                                        **18-714-JWD-EWD**

**CITY OF BATON ROUGE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 27, 2020.

*/s/ Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY HAYNES | CIVIL ACTION NO. |
| VERSUS | 18-714-JWD-EWD |
| CITY OF BATON ROUGE, ET AL. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

For the reasons that follow, it is recommended *sua sponte* that the claims of Anthony D. Haynes ("Plaintiff") against defendant Sharon Weston Broome be dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A. If this recommendation is adopted, it is further recommended that the Motion to Dismiss,[1] filed by Mayor Broome, be denied as moot.

### I. Background

On July 25, 2018, Plaintiff, an inmate currently incarcerated in Louisiana, originally filed this action *pro se* pursuant to 42 U.S.C. § 1983 against the East Baton Rouge Parish Sheriff's Office and the East Baton Rouge Parish Prison ("EBRPP"),[2] as well as Detective Randall L. Crawford, Detective Brandon Berggren, Detective Kellie Engles, and Detective Steven Young (collectively "the Arresting Defendants")[3] and additionally sought *in forma pauperis* ("IFP") status.[4] Thereafter, counsel enrolled on behalf of Plaintiff and Plaintiff's IFP application was granted.[5] After being notified that his originally-filed Complaint was deficient, Plaintiff, through counsel, filed his Amended Complaint.[6] The Amended Complaint added several additional

---

[1] R. Doc. 31.
[2] Both of these defendants have been dismissed. *See* R. Docs. 9 and 46 (July 16, 2019 Order granting Plaintiff's Motion for Partial Voluntary Dismissal).
[3] Plaintiff's claims against the Arresting Defendants were dismissed without prejudice on February 18, 2020 in a Summary Order on Defendants' Motion to Dismiss. *See* R. Doc. 59.
[4] R. Doc. 1.
[5] R. Docs. 8, 20.
[6] R. Docs. 3, 9 (Amended Complaint with unredacted Use of Force Report ("Report") stricken) *and see* R. Doc. 18, which contains both the Amended Complaint and the redacted Report.

defendants, including Sheriff Sid J. Gautreaux,[7] Deputy Gaston Bourg ("Bourg"), Deputy K-9 Officer Kees ("Kees"),[8] the Louisiana Sheriff's Association, and relevant to the instant Report, the Mayor President of East Baton Rouge Parish ("the Parish"), Sharon Weston Broome (hereinafter, "the Mayor") in her official capacity.[9]

Plaintiff alleges as follows: He was apprehended by the Arresting Defendants in connection with the occurrence of a crime in the Parish. As Plaintiff was laying on the ground, restrained in handcuffs, he was unnecessarily bitten several times in his upper arms and shoulders by K-9 Kees, who was instructed to do so at least once by Bourg, Kees's handler.[10] The Arresting Defendants failed to intervene and stop the K-9.[11] The bites caused bleeding puncture wounds, for which an EMS employee recommended stitches.[12] However, the Arresting Defendants refused to take Plaintiff to the hospital for treatment because Plaintiff would not cooperate by identifying the other participants in the crime.[13] Plaintiff was ultimately taken to EBRPP but the treating physician also refused to provide medical care.[14] On the basis of the foregoing allegations, Plaintiff asserts violations of § 1983 and Louisiana state law, *i.e.*, intentional infliction of emotional distress ("IIED").[15]

---

[7] Plaintiff's claims against Sheriff Gautreaux were dismissed without prejudice on February 18, 2020 in a Summary Order on Defendants' Motion to Dismiss. *See* R. Doc. 59.
[7] R. Doc. 1.
[8] Plaintiff's claims against Kees were dismissed with prejudice on February 18, 2020 in a Summary Order on Defendants' Motion to Dismiss. *See* R. Doc. 59.
[9] R. Doc. 9, ¶ 3. Plaintiff's claims against the Mayor in her official capacity are really claims against the Parish (which entity Plaintiff has not named as a defendant herein): "Generally, official capacity suits 'represent only another way of pleading an action against an entity of which an officer is an agent.'" *Jones v. St. Tammany Par. Jail,* No. 96-3737, 4 F.Supp.2d 606, 614 (E.D. La. May 8, 1998) *citing Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (*citing Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). Plaintiff's Amended Complaint uses "Mayor" and "East Baton Rouge Parish" interchangeably. *Compare, e.g.,* R. Doc. 9, ¶¶ 30(C)-(F) with *id.* at ¶ 33. Because Plaintiff specifically named the Mayor, the Mayor is referenced herein as the defendant.
[10] R. Doc. 9, ¶¶ 11-16, 18. *See also* the Report at R. Doc. 18-1.
[11] R. Doc. 9, ¶ 16.
[12] R. Doc. 9, ¶¶ 19, 21.
[13] R. Doc. 9, ¶ 21.
[14] R. Doc. 9, ¶ 23.
[15] R. Doc. 9, ¶¶ 30-34.

Because it does not appear that Plaintiff can allege any facts to state a claim against the Mayor in her official capacity, Plaintiff's claims against the Mayor should be dismissed with prejudice.

## II. Law and Analysis

### A. Legal Standards

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim by an individual who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if the court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal at any time if the Court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[16] Both statutes are intended to afford the Court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[17] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[18] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[19] Pleaded facts that

---

[16] *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Additionally, § 1915(e) provides a procedural mechanism for dismissal of those lawsuits that are frivolous, malicious, or fail to state a claim in only those proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted leave to proceed *in forma pauperis* on May 22, 2019. R. Doc. 20.
[17] *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).
[18] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[19] *Denton,* 504 U.S. at 32.

are merely improbable or strange, however, are not frivolous for purposes of dismissal under these statutes.[20]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[21] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[22] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24]

### B. Plaintiff Has Failed To State A Legally Cognizable Claim Against the Mayor

Plaintiff has failed to state a claim against the Mayor for which relief can be granted. First, Plaintiff has failed to state any facts indicating that the Mayor was personally involved in the events that took place during or after the K-9 incident. Rather, Plaintiff names the Mayor because he claims that she, either personally and/or on behalf of the Parish: (1) failed to supervise and train the Arresting Defendants and/or Bourg, failed to intervene, and conspired to violate and/or was deliberately indifferent to Plaintiff's rights (collectively referred to as "supervisory liability");[25] (2) has policymaking authority and control over the EBRPP along with the Sheriff, including responsibility for the safety, care, and rights of the inmates at EBRPP, and provides funding for the treatment and housing of inmates;[26] and (3) is "believed to be the responsible party for the

---

[20] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[21] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[22] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[23] *Iqbal*, 556 U.S. at 678.
[24] *Id.*
[25] R. Doc. 9, ¶¶ 30(C)-(F), 33.
[26] R. Doc. 9, ¶¶ 5, 8.

indemnification of the named defendants."[27][28] As explained, below, each theory of recovery against the Mayor fails.

### 1. Supervisory Liability and Policymaking Authority

Plaintiff seeks to impose supervisory liability on the Mayor, in her official capacity, simply as a result of her role as Mayor of the Parish. To that end, Plaintiff fails to state a claim against the Mayor. Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that causally result in injury.[29] Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious liability or *respondeat superior* standing alone is insufficient to state a claim under § 1983.[30] In the absence of direct personal participation by a supervisory official in an alleged constitutional violation, a plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[31] Supervisory liability[32] can be found to exist if a supervisory official implements a policy so deficient that the policy itself may

---

[27] R. Doc. 9, ¶¶ 3(G), 30.
[28] Plaintiff specifically alleges that the IIED claim is premised upon the actions of Bourg. R. Doc. 9, ¶¶ 27, 34. Even if Plaintiff attempted to make this claim against the Mayor, it would still fail. Plaintiff cannot prove the essential elements of an IIED claim, *i.e.,* that the Mayor engaged in extreme and outrageous conduct, or that the Mayor intended, by performing the acts complained of, to inflict severe emotional distress on Plaintiff, or that the Mayor knew that severe emotional distress would be certain or "substantially certain" to result from the conduct. *Deus v. Allstate Ins. Co.,* 15 F.3d 506, 514 (5th Cir. 1994), *citing White v. Monsanto Co.,* No. 91-0148 (La. 9/9/91), 585 So.2d 1205, 1209. Plaintiff has alleged no facts to show that the Mayor personally engaged in any intentional acts directed at the Plaintiff. *See also* the Court's dismissal of Plaintiff's IIED claim against the Arresting Defendants and Sheriff Gautreaux at R. Doc. 59, pp. 5 and 8.
[29] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[30] *See Iqbal*, 556 U.S. at 676, *citing Monell,* 436 U.S. at 691. *See also Bell v. Livingston*, 356 Fed. App'x. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").
[31] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[32] Though the term supervisory liability is often used, the Supreme Court has described this as a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

5

be seen to be a repudiation of constitutional rights such that it is the moving force behind a constitutional violation.[33]

Plaintiff cannot establish a claim for the Mayor's supervisory or policymaking liability because (1) the Mayor had no direct supervisory control over any of the Arresting Defendants,[34] Bourg, or any other alleged EBRPP actor because they were not subordinates reporting to the Mayor and/or individuals whom the Mayor was responsible to train or supervise, and (2) the Mayor did not establish any of the EBRPP policies that Plaintiff contends were violative of his rights, *e.g.,* training policies, inmate medical policies, and/or inmate housing policies. "Local governments can never be liable under section 1983 for the acts of those whom the local government has no authority to control."[35] Rather, it is the Sheriff[36] who has the general authority to supervise and set EBRPP policies:

> Sheriffs in Louisiana are final policy makers with respect to management of the jail. The Sheriff's policy-making authority over management of the jail is not the result of a delegation from the Parish or any other local governmental entity. The Sheriff's authority is derived from the state constitution, not the parish. *See* La. Const. art. 5 § 27.
>
> Under Louisiana law, it is the Sheriff's office that has the obligation to provide medical care for the prisoners. The Sheriff's office also controls the inmates of the jail, the employees of the jail, and the daily operation of the jail. *See* La.Rev.Stat. ann. § 33:1435; 15:704; *O'Quinn v. Manuel,* 773 F.2d 605, 609 (5th Cir.1985) (quoting *Amiss v. Dumas,* 411 So.2d 1137, 1141 (La.App. 1st Cir.), *writ denied,* 415 So.2d 940 (La.1982)). The deputies are employees of the Sheriff. *See Jenkins v. Jefferson Parish Sheriff's Office,* 402

---

[33] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).
[34] As mentioned, Plaintiff's claims against the Arresting Defendants were recently dismissed without prejudice. In particular, the Court held that Plaintiff failed to show that these Defendants failed to intervene to protect Plaintiff. R. Doc. 59, p. 4. Plaintiff has been given leave to amend. *Id.* p. 6.
[35] *Jones,* 4 F.Supp.2d at 613, *citing McMillian v. Johnson,* 88 F.3d 1573, 1577 (11th Cir. 1996).
[36] Notably, Plaintiff's § 1983 claims against the Sheriff in his official capacity and individual capacity were recently dismissed without prejudice. In a Summary Order, the Court held that the Sheriff was not liable for implementing unconstitutional policies, and further, even if Plaintiff had stated an official policy or custom, Plaintiff failed to allege any facts demonstrating the Sheriff's actual or constructive knowledge of that policy or custom. R. Doc. 59, pp. 7, 10. Plaintiff has been given leave to amend, although the Court noted it was "questionable whether these deficiencies can be cured by amendment." *Id.* at pp. 8, 10.

> So.2d 669, 670 (La. 1981); [citations omitted] The Parish has no authority to manage the Sheriff's employees. The Parish exercises no power or discretion in the functioning of the Sheriff's office or the jail.[37]

While the Mayor has some responsibility with respect to providing funding for EBRPP, that responsibility does not constitute authority to control how the Sheriff fulfills his duties.[38] Thus, "[u]nder this scheme, the Sheriff's policymaking decisions as well as his day-to-day decisions regarding the management of the jail, cannot be imputed to the Parish."[39] Accordingly, Plaintiff's supervisory liability claims and policymaking claims do not state a claim against the Mayor for which relief can be granted and should be dismissed with prejudice.

### 2. Indemnification

Plaintiff has failed to allege any facts in support of his claim that the Mayor is an indemnifier of the other Defendants. At most, Plaintiff alleges that the Mayor is "*believed to be* the responsible party for the indemnification of the named defendants" and the "Mayor … [was and is] *the liability insurer* and indemnifier of Sheriff Gautreaux and his designated superior officers…,"[40] which suggests that Plaintiff is alleging that the Mayor is contractually obligated to indemnify the Sheriff and/or the other Defendants via a policy of liability insurance. However, Plaintiff's subjective belief and conclusory allegations fail to state a legally cognizable claim that the Mayor owes indemnification. Plaintiff has not identified any factual basis (*e.g.*, the existence of a contract of indemnification) underlying a claim for indemnification owed by the Mayor. The "sheer possibility" of indemnification falls far short of facial plausibility, and therefore, this claim should be dismissed.[41]

---

[37] *Jones,* 4 F.Supp.2d at 613.
[38] *Jones,* 4 F.Supp.2d at 613, *citing Jenkins v. Jefferson Parish Sheriff's Office,* 80-1794 (La. 6/22/81), 402 So.2d 669, 671 (neither the state nor the parish exercises any significant control over Sheriff's deputies).
[39] *Jones,* 4 F.Supp.2d at 613.
[40] R. Doc. 9, ¶¶ 3(G), 30 (emphasis added).
[41] *McGuire,* 2009 WL 4891914 at *2.

7

As Plaintiff has already been given at least one opportunity to amend while represented by counsel,[42] and as it does not appear that an amendment would cure the deficiencies regarding Plaintiff's claims against the Mayor, dismissal should be with prejudice.[43] The Notice attached to this Report and Recommendation provides a 14-day period for Plaintiff to file objections. To the extent Plaintiff objects to the *sua sponte* dismissal with prejudice of his claims against the Mayor, the objection period affords Plaintiff the opportunity to respond.[44]

**III. Recommendation**

**IT IS RECOMMENDED** that all of Plaintiff's claims, including those for supervisory and policymaking liability under 42 U.S.C. §1983 and indemnification, against Mayor Sharon Weston Broome in her official capacity be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER RECOMMENDED** that, if this Report and Recommendation is adopted, the Motion to Dismiss,[45] filed by Mayor Sharon Weston Broome, which was referred to the undersigned, be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on February 27, 2020.

                                   **ERIN WILDER-DOOMES**
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[42] R. Doc. 18.

[43] As the Mayor asserts in her pending Motion to Dismiss at R. Doc. 31, Plaintiff's claims against the Mayor are also prescribed on their face, as Plaintiff's April 8, 2019 Amended Complaint was filed well-more than one year after the date of the K-9 incident, *i.e.*, August 10, 2017. *See White v. Gusman,* 347 F. App'x 66, 67 (5th Cir. 2009) (§ 1983 actions are governed by Louisiana's one-year prescriptive period under La. C.C. art. 3492). However, in light of the recommendations made herein on the basis of 28 U.S.C. § 1915A and § 1915(e), the undersigned recommends that, if this Report is adopted, the Mayor's Motion to Dismiss be denied as moot.

[44] *Lampley v. Brown*, No. 17-621, 2019 WL 4050523, at *3 (M.D. La. Aug. 9, 2019), *report and recommendation adopted*, No. 17-621, 2019 WL 4046549 (M.D. La. Aug. 29, 2019).

[45] R. Doc. 31.